MEMORANDUM **
Roza Papiryan and her husband Arta-vazd Khachatryan, natives and citizens of Armenia, petition for review of the order of the Board of Immigration Appeals (“BIA”) dismissing their appeal from an immigration judge’s (“IJ”) decision denying their applications for asylum, withhold *655 ing of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and will reverse only if the evidence compels the contrary conclusion. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.
 The IJ identified specific and cogent reasons for finding Papiryan not credible, specifically the implausibility that she would leave her children behind in Armenia if they had been threatened and were in danger as she claimed. This reason goes to the heart of Papiryan’s persecution claim and thus provides substantial evidence for the adverse credibility finding. See Rivera v. Mukasey, 508 F.3d 1271, 1275 (9th Cir.2007); see also Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004) (holding that as long as one of the identified grounds is supported by substantial evidence and goes to the heart of the asylum claim, the court is bound to accept the adverse credibility finding). Therefore, Petitioners failed to meet their burden of establishing eligibility for asylum through credible evidence. Because Petitioners failed to establish eligibility for asylum, they necessarily failed to satisfy the higher standard for withholding of removal. See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir.2004).
Substantial evidence supports the decision of the BIA to deny Papiryan’s CAT claim, because Papiryan based her CAT claim on the same testimony the IJ determined was not credible. Papiryan points to no other evidence in the record that would compel a finding that, if she were returned to Armenia, she would more likely than not be tortured. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir. 2003); 8 C.F.R. § 1208.16(c)(2).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.